UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
(LAFAYETTE DIVISION)

SHAFFER FAMILY INVESTORS,                                CIVIL ACTION
LLC, and ROBERT SCHAFFER

VERSUS                                                   NO. _____

THE ESTATE of KRIS MELANCON;
PARKER YELVERTON, as Administrator
of the Succession of Kris Melancon;
PINNACLE OIL & GAS, LLC; and
LEMEL PETROLEUM, LLC

NOTICE OF REMOVAL

To:     The Honorable Judges of the United States District
        Court for the Western District of Louisiana

**PLEASE TAKE NOTICE** that Defendants, The Estate of Kris Melancon; Parker

Yelverton, as Administrator of the Succession of Kris Melancon; Pinnacle Oil & Gas

L.L.C.; and Lemel Petroleum, L.L.C. (collectively "Defendants"), hereby remove the

Petition for Damages in the suit entitled, "*Schaffer Family Investors, L.L.C, a Delaware*

*limited liability company; and Robert Schaffer, an individual versus The Estate of Kris*

*Melancon; Parker Yelverton, as administrator of the Succession of Kris Melancon;*

*Pinnacle Oil & Gas, L.L.C., a Louisiana limited liability company; Lemel Petroleum*

*L.L.C., a Louisiana limited liability company,*" (hereinafter "the Petition"), filed in the

16th Judicial District Court for the Parish of St. Martin, State of Louisiana, as Docket

Number 082242, Division F, to the United States District Court for the Western District

of Louisiana in Lafayette, Louisiana, pursuant to 28 U.S.C. §§ 1441 and 1446, and based

on the Court's jurisdiction under 28 U.S.C. §1331.  In support of this removal, and

1

reserving all rights, objections, defenses, exceptions, and motions, Defendants assert the following:

### INTRODUCTION

1.

Plaintiffs, Schaffer Family Investors, L.L.C. and Robert Schaffer (collectively "Plaintiffs"), are a California limited liability company and an individual residing in California.  They allege that Defendants induced them to make purchases of oil, gas, and mineral royalty and leasehold interests (the "OGM Royalty Interests") by misrepresentations through emails sent directly to Plaintiffs and emails sent to Defendants' alleged agent, which were forwarded to Plaintiffs.  Plaintiffs assert causes of action under the Securities Act of 1933 (15 U.S.C. §§ 77e(a) and 77l(a)) and the Securities Exchange Act of 1934 (15 U.S.C. § 78j and 17 C.F.R. § 240.10b-5), as well as various state law claims, seeking rescission of all their purchases of OGM Royalty Interests and for return of all monies paid in connection with such purchases.  Plaintiffs' allegations raise questions of federal law which provide a basis in for federal jurisdiction over this case under 28 U.S.C. § 1331.  Accordingly, Defendants hereby remove the case.

### THE NOTICE OF REMOVAL IS TIMELY

2.

The thirty-day deadline for removal commences on formal service of process on the first served defendant.  *Murphy Bros., Inc. v. Michetti Pipe Stringling, Inc.*, 526 U.S. 344, 347-48 (1999); *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986).

3.

Plaintiffs filed the Petition in the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, on January 16, 2015.  Citation of service of process was issued on February 13, 2015.  Service of the lawsuit was made on Defendants on February 19, 2015.  Thirty days have not expired since service of process on Defendants.

**ALL DEFENDANTS CONSENT TO AND ARE FILING THE NOTICE OF REMOVAL**

4.

All parties made Defendants in the Petition consent to removal and are jointly filing this Notice of Removal.

**THIS COURT HAS FEDERAL QUESTION JURISDICTION**

5.

Federal courts have jurisdiction over cases arising under federal law.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiffs' Petition advances claims based on federal law and related regulations.

6.

Count II of Plaintiffs' Petition asserts a cause of action under the Securities Exchange Act of 1934, pursuant to 15 U.S.C. § 78j and 17 C.F.R. § 240.10b-5.  15 U.S.C. § 78aa provides, in part, that the district courts of the United States shall have exclusive jurisdiction of violations of the Securities Exchange Act of 1934 or the rules and regulations thereunder.  These allegations bring this matter under the original jurisdiction of this Court.  Therefore, this matter is properly removable to this Court under 28 U.S.C. § 1441.

7.

Count I of Plaintiffs' Petition asserts a cause of action under the Securities Act of 1933, pursuant to 15 U.S.C. §§ 77e(a) and 77*l*(a).  15 U.S.C. § 77v provides, in part, that the district courts of the United States shall have jurisdiction of offenses and violations brought under the Securities Act of 1933, concurrent with state courts.  As such, this matter is removable pursuant to 28 U.S.C. § 1441.

**ALL PLEADINGS ARE ATTACHED**

8.

Copies of all pleadings, process, and orders served upon Defendants in the state court action through the date of this Notice of Removal are attached hereto as Exhibit A, *in globo*.

**THIS NOTICE WAS FILED IN THE CORRECT VENUE**

9.

The United States District Court for the Western District of Louisiana in Lafayette, Louisiana, encompasses the parish in which the state action is pending. Therefore, this Court is the proper federal district to which the state action should be removed.  28 U.S.C. § 1446(a).

10.

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any claims or causes of action asserted by Plaintiffs in the Petition over which the Court does not have original jurisdiction, including Plaintiffs' claims against Defendants in Counts III-XII of the Petition.

**ALL NOTICES HAVE BEEN PROVIDED**

11.

Upon the filing of this Notice of Removal, Defendants have, at the same time, given notice to Plaintiffs in the state court action through their counsel of record, by furnishing a copy of this Notice of Removal and its attachments.  Defendants will also simultaneously file the Notice of Removal in the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, for the limited purpose of notifying that court of removal.  Defendants reserve all rights to object to the jurisdiction and venue of the state court and reserve all rights to file all exceptions as are provided by law.

WHEREFORE, Defendants, The Estate of Kris Melancon; Parker Yelverton, as Administrator of the Succession of Kris Melancon; Pinnacle Oil & Gas L.L.C.; and Lemel Petroleum, L.L.C., pray that this Court order this case removed from the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, to the United States District Court for the Western District of Louisiana in Lafayette, Louisiana, as provided by law, and proceed with the civil action as if it had originally been commenced in this Court.

Respectfully submitted,

HYMEL DAVIS & PETERSEN, L.L.C.

s/Michael Reese Davis
L. J. Hymel (LBN 7137)
Michael Reese Davis (LBN 17529)
Tim P. Hartdegen (LBN 27496)
Ryan M. Falgoust (LBN 33823)
10602 Coursey Blvd.
Baton Rouge, Louisiana 70816
Phone: (225) 298-8118
Fax: (225) 298-8119

5

**Counsel for The Estate of Kris Melancon, Parker Yelverton, as Administrator of the Succession of Kris Melancon, Pinnacle Oil & Gas L.L.C., and Lemel Petroleum, L.L.C.**

## CERTIFICATE OF SERVICE

I certify that on March 18, 2015, a copy of the foregoing pleading was

electronically filed with the Clerk of Court and was served on all counsel of record by

United States Mail, first class, postage prepaid as set forth below:

Schaffer Family Investors, LLC and Robert Schaffer,
through their counsel of record
Brian M. Ballay
Tyler L. Weidlich
Baker Donelson Bearman Caldwell & Berkowitz
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170


s/Michael Reese Davis
Michael Reese Davis