RECEIVED

NOV 24 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SCHAFFER FAMILY INVESTORY, LLC. ET AL. | CIVIL ACTION NO. 15-0647 |
| VERSUS | JUDGE DOHERTY |
| THE ESTATE OF KRIS MELANCON, ET AL. | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Pending before this Court is a Report and Recommendation issued by the magistrate judge, in which the magistrate judge recommends the "Motion to Dismiss the Plaintiffs' Complaint Under Rule 12(b)(6) and Rule 12(b)(7)" [Doc. 14] be granted in part and denied in part. Plaintiffs, Schaffer Family Investors, LLC, and Robert Schaffer (collectively, plaintiffs") have filed an Objection to the Report and Recommendation [Doc. 31], and defendants, the Estate of Kris Melancon, Parker Yelverton, as Administrator of the Succession of Kris Melancon, Pinnacle Oil & Gas LLC, and Lemel Petroleum, LLC (collectively, "defendants"), have filed a Response [Doc. 32] to the Objection. After this Court's *de novo* review of the issues presented, this Court declines to adopt the findings of the magistrate judge and concludes the motion to dismiss should be DENIED in its entirety, for the following reasons.

**I.      Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter

to the magistrate judge with instructions."

## II. Factual Background

The instant case concerns a series of oil, gas, and mineral royalty transactions which allegedly took place between 2008 and 2012. In this lawsuit, the plaintiffs allegedly acquired OGM Royalty Interests from the defendants during the aforementioned time period.

The factual background was set forth in the magistrate judge's Report, as follows:

> Between 2008 and 2012, the plaintiffs in this lawsuit, Robert Schaffer and Schaffer Family Investors, LLC, allegedly entered into a series of transactions by which they purchased oil and gas royalty and leasehold interests in properties located in Louisiana and other states (hereinafter referred to as "the OGM Royalty Interests."). The total amount paid by the plaintiffs for those interests was approximately $8 million. In their petition, the plaintiffs allege that they were represented by their agent, Lee Sonnier, in making these transactions. They allege that Sonnier was also the agent of and involved in a joint venture with the defendants, Kris Melancon,[1] Pinnacle Oil & Gas, LLC, Lemel Petroleum, LLC, and ten unidentified persons referred to in the petition as John Doe Nos 1-10. The plaintiffs allege that the defendants fraudulently induced them to enter into the transactions, that what they actually purchased was materially different from what they agreed to purchase, and that part of the money they paid to purchase the OGM Royalty was funneled to Sonnier or retained by the defendants in derogation of the plaintiffs' agreement.
>
> In August 2013, the plaintiffs filed a complaint in federal court in California against Sonnier and the other defendants in this lawsuit. The parties in that suit allegedly entered into a tolling agreement, effective January 15, 2014, by which all claims were tolled for one year. All of the claims asserted in the California suit, except for those asserted against Sonnier, were dismissed in February 2014. (Rec. Doc. 1-1 at 18). Then, on January 14, 2015, the plaintiffs filed this lawsuit in the 16th Judicial District Court, St. Martin Parish, Louisiana, asserting virtually identical claims against the parties who had previously been dismissed from the California litigation and omitting any claims against Sonnier. The defendants timely removed the action to this court on the basis of federal question jurisdiction, contending that the defendants violated two federal securities laws, then filed the instant motion to dismiss.[2]

---

[1] According to the plaintiffs, defendant Kris Melancon committed suicide in November 2013. His succession representative was identified in the petition.

[2] *See* Report and Recommendation, Doc. 30, at pp. 1-3.

2

After analyzing the motion to dismiss, the magistrate judge recommended as follows: (1) the plaintiffs be ordered to amend their complaint to allege the number of potential purchasers to whom each OGM Royalty Interest was offered in addition to the plaintiffs, and if that number is less than thirty-five, the plaintiffs' Rule 12(b)(6) motion be granted with regard to the plaintiffs' claim alleging a violation of the Securities Exchange Act of 1933 and the claim be dismissed with prejudice; (b) the plaintiffs' Rule 12(b)(6) motion be granted with regard to the plaintiffs' claim arising under the Securities Exchange Act of 1934 and that claim be dismissed with prejudice; and (c) the defendants' motion to dismiss for failure to join a required party be denied.

Plaintiffs object to that portion of the magistrate judge's report recommending that their Section 1934 claims be dismissed and that they not be permitted leave to amend their petition to re-state those claims. They also argue that they be permitted to address the defendants' "private offering exemption" defense in connection with their Act of 1933 claims in their amended complaint. This Court has made a *de novo* determination of that portion of the magistrate judge's findings to which the plaintiffs object and makes the following conclusions.

The plaintiffs primarily object to two aspects of the magistrate judge's Report.

First, with respect to their claims arising under the Securities Exchange Act of 1933, the plaintiffs argue they were only given the limited opportunity to amend their complaint to allege the number of offerees of the OGM Royalty Interests. The plaintiffs argue they should also be entitled to amend their complaint in an attempt to "plead around" the "private offering exemption," an affirmative defense pled by the defendants, now that such a defense has been pled and the plaintiffs are on notice of its implications. The plaintiffs argue the "private offering exemption" raises questions of fact that are inappropriate for adjudication on a motion to dismiss and that they should

3

be permitted to plead additional facts to rebut the defense now that it has been pled.

Additionally, the plaintiffs object to that portion of the Report that outright recommends dismissal of their claims arising under the Securities Exchange Act of 1934, with no opportunity to amend. The plaintiffs argue they should be given the opportunity to amend their complaint to more particularly allege their claim of fraud against the particular defendants in this matter, given that they are already being given the opportunity to amend their 1933 Act claims.

## III.  Legal Analysis

Rule 15(a) states that leave to amend should be "freely give[n] when justice so requires." Indeed the United States Supreme Court has stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

### 1.   Claims alleged under the 1933 Act

In the instant matter, the magistrate judge recommends the plaintiffs be permitted to amend their complaint to allege whether any of the OGM Royalty Interests were offered to or purchased by thirty-five or more potential purchasers, thereby triggering the registration provisions of the 1933 Act.[3] In *Swenson v. Engelstad*, 626 F.2d 421, 425 (5th Cir. 1980), the Fifth Circuit stated it considers

---

[3] As the magistrate judge explains more thoroughly in the Report and Recommendation, if the offering is made to less than 35 offerees, the transaction is considered private, registration is not required, and the Act does not apply.

4

four factors in determining whether an offering can be exempt from registration under section 4(2) of the Securities Act of 1933, to wit: (1) the number of offerees and their relationship to the issuer; (2) the number of units offered; (3) the size of the offering; and (4) the manner of the offering. *See also SEC v. Continental Tobacco Co. of South Carolina*, 463 F.2d 137, 158 (5th Cir. 1972). In addressing these factor, the court stated:

> These factors are not litmus paper tests but guidelines to use in effectuating the rule in *Hill York Corporation v. American International Franchises, Inc.*, 448 F.2d 680, 687 (5th Cir. 1971) ***that whether an offering is public or private is a question of fact which must be resolved in the light of the particular circumstances***. "The design of the statute is to protect investors by promoting full disclosure of information thought necessary to informed investment decisions." *S. E. C. v. Ralston Purina Co.*, 346 U.S. 119, 124, 73 S.Ct. 981, 984, 97 L.Ed. 1494, 1498 (1953). The bottom line issue in allowing the private offering defense is "whether the particular class of persons affected needs the protection of the Act." *Id.* at 125, 73 S.Ct. at 984, 97 L.Ed. at 1498.

*Swenson*, 626 F.2d at 425 (emphasis added).

Thus, whether an offering is considered public or private – and therefore exempt from registration under section 4(2) of the Securities Act of 1933 – is a <u>question of fact</u> that would appear to be an inappropriately considered under a Rule 12(b)(6) motion to dismiss. Given that the magistrate judge recommends amendment of the plaintiffs' pleadings to allege the number of offerees of the OGM Royalty Interests, and further recognizing the Supreme Court's spirit of free amendment of complaints, this Court concludes the plaintiffs should also be permitted to plead additional facts to rebut the defendants' "private offering exemption" affirmative defense.

Considering the foregoing, this the defendants' motion to dismiss the 1933 Act claims is DENIED at this juncture.

### 2. Claims alleged under the 1934 Act

Defendants seek to dismiss the plaintiffs' 1934 Act claims on grounds they have not

sufficiently pled their claims of fraud against the particular defendants named. This Court has reviewed the plaintiffs' complaint and concludes the plaintiffs should be granted leave to amend their complaint to more particularly assert their claims of fraud under the Securities Exchange Act of 1934, the defendants having presented this Court with no persuasive argument that they will be prejudiced by such an amendment at this juncture of the litigation.

Considering the foregoing,

IT IS ORDERED that the "Motion to Dismiss or Alternatively, Motion to Stay Action" [Doc. 14] is DENIED. Specifically, the plaintiffs are ordered to amend their complaint with regard to their claims arising under the Securities Exchange Act of 1933 and 1934 as discussed herein. The defendants' motion to dismiss for failure to join a required party is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___24___ day of November, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE